CASE 89—WILL CONTEST—JANUARY 18.

# Folks, Etc. v. Folks, Etc.

### APPEAL FROM GRAVES CIRCUIT COURT.

1. EVIDENCE—WILL CONTEST.—In the trial of a will contest it is not error to permit the widow who was principal beneficiary under the will to testify after the witnesses to the will had been examined.

2. WILL CONTEST—INSTRUCTIONS.—An instruction defining soundness of mind, although defective in itself, is not ground for reversal, where the instruction construed with another on the same subject correctly laid down the law on that issue.

3. SAME—ARGUMENTATIVE INSTRUCTION.—An argumentative instruction asserting the testator's right to dispose of his estate in his own way although it might violate his natural obligations, although objectionable, was not prejudicial in this case.

4. SAME—UNDUE INFLUENCE.—An instruction on undue influence is held, not inconsistent with the ruling of this court, but if so, it is not prejudicial as there was no evidence of undue influence.

PARK & SPEIGHT FOR APPELLANTS.

1. The court erred in permitting witnesses to testify to their opinions as to the testator's rationality. Wise v. Foote, 81 Ky., 12; Newcomb v. Newcomb, 96 Ky., 122.

2. The court erred in permitting Mrs. Folks to testify after the introduction of other evidence in chief. Civil Code, sec. 606, sub-sec. 4; Amer. Wire Nail Co. v. Bayless, &c., 91 Ky., 103.

3. Instruction three on testamentary capacity was defective in omitting the element of a fixed judgment or settled purpose of the

[ 36 ]

testator. Shropshire, &c., v. Reno, 5 J. J. Mar., 91; Tudor v. Tudor, 17 B. M., 391; Phillips v. Phillips' Admr., 81 Ky., 328; Newcomb v. Newcomb, 96 Ky., 120; Sherley v. Sherley, 81 Ky., 249; King v. King, 19 Ky. Law Rep., 869.

4. Instruction five is argumentative and the giving of it, therefore, was improper. Wills v. Tanner, 13 Ky. Law Rep., 741; Barlow v. Waters, 16 Ky. Law Rep., 426; Sherley v. Sherley, supra; Phillips' admr. v. Phillips, supra. The instructions upon undue influence were misleading. Schouler on Wills, secs. 228, 231, 246; Lucas v. Cannon, 13 Bush, 652; White & Tudor's Lead Cas. in. Eq., part 2, vol. 2, 1230, 1194, 1268, 1285, 1287, 8, 9; 27 Am. & Eng. Ency. of Law, 453, 495; Holland's Elem. of Jurp. (5th ed.), 231; Pom. Eq. Jur. (2d. ed.), 951.

ROBERTSON & THOMAS for APPELLEES.

1. On admission of evidence. Howat v. Howat, 19 Ky. Law Rep., 756; King v. King, 19 Ky. Law Rep., 868.

2. Instructions—Mental capacity. 16 Ky. Law Rep., 426; 81 Ky., 246, and cases cited by appellants.

3. Instructions—Undue influence. 16 Ky. Law Rep., 426; 81 Ky., 10; Bush v. Lisle, 89 Ky., 400; 18 Ky. Law Rep., 1074; 8 Ky. Law Rep., 55.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The will of W. J. Folks, who died a citizen of Graves county, Kentucky, was probated in January, 1893, without objection.

By its terms he bequeathed all of his property to his wife, except what he was entitled to inherit from the estate of his deceased father, which he devised to his brothers and sisters jointly.

In December, 1897, nearly five years thereafter, appellants instituted this proceeding in the Graves Circuit Court, seeking to invalidate this will upon the grounds of want of testamentary capacity at the date of its execution, and that its execution was attributable to the undue influence exercised over testator by his attending physicians. The trial resulted in a verdict and judgment sustaining the will, which we are asked to reverse for a number of alleged errors.

The first of these is that the court erred in admitting the testimony of Mrs. Folks, the widow of testator, and principal devisee under his will, after introducing other testimony in chief.

The only witnesses introduced in chief by appellees were those who attested the execution of the paper, and who proved its execution as required by the statute.

In a number of cases this court has held that this was sufficient evidence to make it a *prima facie* case for the propounders of the will, and that when this was done the burden shifted to the contestants to establish the grounds upon which they relied to invalidate the will—whether incapacity, fraud or undue influence—and that after the conclusion of the evidence of the contestants it was proper to permit the propounders to introduce testimony in rebuttal. (See Howat v. Howat's Ex'r, 19 Ky. L. R., 757, [41 S. W., 771]; King v. King, 19 Ky. L. R., 868, [42 S. W., 347], and authorities there cited.

The testimony of Mrs. Folks, under these adjudications, can not be considered as testimony in chief, and the court did not err in the admission of her testimony at the time it was offered.

The next error complained of is that the court, in instruction No. 3, did not correctly define to the jury the soundness of mind necessary to the valid making and execution of a will; that it entirely omitted in that instruction to say to the jury that testator must have had capacity to dispose of his estate in a rational manner, according to a fixed purpose of his own.

This qualification has been approved by this court in a great many cases, beginning with Tudor v. Tudor, 17 B. Mon., 391, and followed in Phillips' Ex'r v. Phillips' Adm'r, 81 Ky., 328, and

in Newcomb's Ex'r v. Newcomb, 96 Ky., 120, [27 S. W., 997]; but this defect in instruction No. 3 was fully cured by instruction No. 4, and the two instructions, taken together, embody all of the requirements of the law suggested in the foregoing cases.

Instruction No. 5 is also objected to, on the ground that it is argumentative. It is as follows:

"The court instructs the jury that every person of lawful age and sound mind has a right to make a disposition of his estate by will, and to so devise his property as to devest those who would otherwise inherit it, as his legal heirs, of their interest therein; and his next kin, no matter how near they may be, can not be said to have any legal or natural rights to their kinsman's estate which can be asserted against his will. The law of the land has placed every person's estate wholly under the control of the owner, and subject to such final disposition of it as he may choose to make by his last will and testament."

Abstractly, this instruction may be sound law, and as was said by this court in the cases of Barlow v. Waters 16 Ky. L. R., 427, [28 S. W., 785], and Sherley v. Sherley's Ex'r, 81 Ky., 246, in commenting upon somewhat similar instructions, "it might be objectionable in a case where the testator in fact violated his natural and moral obligations."

But in this case testator had no children, and he devised to his wife, with whom he had lived for more than twenty years, substantially only the property which was the product of their joint efforts, giving to his half brothers and sisters his interest in his father's estate; and, whilst we are of the opinion that such abstract instructions ought not to be given, we do not think it was prejudicial to the rights of the contestants in this proceeding.

· Complaint is also made of instructions Nos. 7 and 8 given to the jury upon the subject of undue influence.

After a careful consideration of these instructions, we are of the opinion that, taken as a whole, they are not inconsistent with instructions given in similar cases which have been approved by this court. (See Wise v. Foote, 81 Ky., 10; Bush v. Lisle, 89 Ky., 400, [12 S. W., 762]; and Barlow v. Waters, 16 Ky. L. R., 426, [28 S. W., 785].)

And, as a matter of fact, they could not have been prejudicial to appellants, as there was really no testimony in the case which conduced to show the exercise of any undue influence on the part of the attending physicians or any one else in the procurement of the execution of this will.

The testimony shows that testator was suffering from an attack of pneumonia, and that he was under the treatment of his regular physician, Dr. McKeel; that about the fifth day of his sickness Dr. Beeler was called in consultation, and concluded, after an examination of his patient, that he was in a precarious condition and not likely to recover; that he informed testator of this fact, and suggested that he had better arrange his business matters; that thereupon testator asked the doctor to write his will; and that this was done solely at his dictation, without any suggestion from anybody as to what disposition he should make of his property, or who should be the beneficiaries of his bounty.

Certainly there was nothing improper in the doctor telling deceased of his perilous condition, and in writing for him, at his request, the paper in contest.

It seems to us that there is abundant evidence in the record to support the finding of the jury.

The judgment is therefore affirmed.