CASE 47—PROCEEDING FOR PROBATE OF WILL—NOV. 1.

# Wilson v. Hays' Exr.

### APPEAL FROM BULLITT CIRCUIT COURT.

JUDGMENT FOR PROPOUNDERS—CONTESTANT APPEALS.   AFFIRMED.

WILLS—FAILURE TO MENTION CODICIL IN VERDICT—HARMLESS ERROR—
   TESTIMONY IN REBUTTAL—TESTAMENTARY CAPACITY—CONSTRUC-
   TION OF WILL—FAILURE OF TESTATOR TO DISPOSE OF ENTIRE ESTATE.

Held:   1. Where a will and two codicils were written on the same paper, it was not necessary to mention the codicils separately in a verdict sustaining the will.

2. Rejection of testimony, which was merely cumulative, and not of such character as would probably have changed the result of the trial, was harmless error.

3. Under Civil Code Practice, section 606, sub-section 8, as amended by Act February, 1898, providing that " a party may be examined as if under cross-examination at the instance of the adverse party, either orally or by deposition, as any other witness; but the party calling for such examination shall not be concluded thereby, but may rebut it by counter testimony,"—it was not an abuse of discretion to refuse to permit the contestant of a will to testify in rebuttal as to admissions of the propounder, who was not introduced as a witness for himself, as she might have called him, and subjected him to cross-examination on the subject, and then have contradicted him.

4. In a will contest, the court properly instructed the jury that "soundness of mind in making a will is for the testator to have

such mental capacity as to enable him to know the objects of his bounty, the character and value of his estate, and to make a rational survey of his estate, and dispose of it according to a fixed purpose of his own;" it never being proper to submit to the jury the question of rational distribution of the testator's estate.

5. Under a devise of real estate to testator's widow for life, and at her death to testator's daughter, but, in the event the daughter should die without issue living, then to her heirs at law, the daughter, if living at the death of the widow, will take the land in fee.

6. The fact that testator left a considerable part of his estate undevised did not furnish ground for rejecting his will, as he probably intended that his debts should be paid out of that part of his estate.

W. S. PRYOR, BENNETT H. YOUNG, WALLACE & HARRIS and CHAS. CARROLL, for APPELLANT.

JAS. C. POSTON and FAIRLEIGH, STRAUS & EAGLES, for APPELLEE.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

This is a contest over the probation of the will of W. H. Hays, who died in Bullitt county in June, 1897. The instrument is dated in September, 1896, and contains two codicils, the last one dated in March, 1897. By the judgment of the county court the will was ordered to probate. On the appeal to the circuit court, the jury returned a verdict for the paper as the will of W. H. Hays, deceased. The verdict reads: "We of the jury find the paper marked 'A' to be the last will and testament of W. H. Hays, deceased." From that judgment of the circuit court probating the will this appeal is prosecuted.

Appellant insists as grounds for reversal (1) that the verdict is not supported by the evidence; (2) that it is not responsive, does not refer to the codicils at all, or find one way or the other respecting codicils; (3) errors of the court in refusing to permit appellant to introduce certain

testimony which was offered; (4) error in the instruction given.

As to the first objection, that the verdict is not sustained by the evidence, we are of opinion that this assignment of error is not well taken. There is considerable testimony on both sides of the question. We are not prepared to say that the verdict is flagrantly against the evidence, and unless we could so say the universal rule of this court is not to disturb the verdict. The proof shows that decedent, at his death, was upwards of 80 years old, and that in December, 1895, he had a stroke of paralysis, which was followed in May, 1896, by a second stroke; yet it is shown that after this second attack he improved, and was able to go to Louisville, and took a great interest in the national political campaign of that year. Indeed, it is insisted by one witness, a physician, that because this old gentleman, who had always been a Democrat, espoused the cause of its regular party nominee, and advocated the principles of the party platform of that year ("free silver"), it was evidence of his unbalanced mental condition. This is given as an example of the testimony to show that the question of testator's mental condition was fully and exhaustively investigated by both sides. The testator's every act seems to have been proven before the jury, and with this evidence before them, we do not feel authorized to say their verdict was against the evidence.

The will and two codicils were written on the same paper. It seems that the verdict finding that the paper is the last will and testament of W. H. Hays is sufficiently responsive. The codicils were proven just as the body of the will was proven, and, being all on one paper, there was no necessity of separate verdicts as to the codicils

or a separate metioning of the codicils in the verdict. They are a part of the will.

The court refused to permit a witness for appellant to state that, on an occasion prior to the second stroke of paralysis of W. H. Hays, the witness heard Mrs. Harriet P. Hays, wife of W. H. Hays, and a beneficiary under the will, say that the mind of her husband was not what it had been, and related an incident to fortify the statement. We are of opinion that the refusal of this evidence is not such error as will justify a reversal. It is cumulative merely, and is not of such character as would necessarily or probably have changed the result of the trial. It was a statement of the wife, made some months before the will was written, and, if taken to be literally true, would not mean he was incompetent to make a will. The mind of the testator at eighty-four evidently was not what it once was, yet it may have been sufficient to enable him to make a valid and legal will, disposing of his estate rationally and according to a fixed purpose of his own.

It is also insisted that appellant should have been permitted to state, when called in rebuttal, that her brother, a devisee under the will, had stated that his father, testator, was incompetent to make a will. Coming, as it did, in rebuttal, the admissibility of this evidence was in the discretion of the court, and we can not say that there was an abuse of discretion. It may be, as counsel contends, that they were expecting the brother to be introduced as a witness, when they would cross-examine him on that point, and contradict him if he denied it, but that is not sufficient excuse. By sub-section 8 of section 606 of the Civil Code of Practice, as amended by the act of February, 1898 (with an emergency), it is provided: "A party

may be examined as if under cross-examination at the instance of the adverse party, either orally or by deposition, as any other witness; but the party calling for such examination shall not be concluded thereby, but may rebut it by counter testimony." Under this section appellant need not have waited for the brother to have been called as a witness, but may have called him, and subjected him to cross-examination on that subject, and then, if desired, contradict him. With this privilege open to appellant, it was not an abuse of discretion to refuse to permit her, on rebuttal, to give testimony that she might have testified in chief, or have rendered it competent in rebuttal by introducing the brother, who was a propounder of the will, and a party to the action.

The court gave to the jury instruction No. 3, as follows: "According to law, soundness of mind in making a will is for the testator to have such mental capacity as to enable him to know the objects of his bounty, the character and value of his estate, and to make a rational survey of his estate, and dispose of it according to a fixed purpose of his own." It is insisted that this was error, because the jury were not permitted or directed to pass on the question as to whether the disposition made by the testator was rational, according to a fixed purpose of his own. This identical instruction was approved in the case of King v. King (Ky.) 42 S. W., 347, and it meets our approval now. The instruction submits to the jury the propositions: Did the testator know the objects of his bounty, the character and value of his whole estate, make a rational survey of the estate as a whole, and did he dispose of it according to a fixed purpose of his own? As said in the case of Newcomb's Ex'r v. Newcomb, 96 Ky., 120, (27 S. W., 997): The manner of the disposition was

not to be regarded as rational, according to the opinion
of the jury, but the disposition was to be in a rational
manner, according to the fixed purpose of the testator."
If the testator is unable to carry out his fixed purpose,
or to express it rationally or intelligibly, the will will fail,
because no court can make a will. If the testator attempts
to do by his will a thing prohibited by law, as, for ex-
ample, create an estate tail, his effort will be futile, and
the verdict of a jury can not aid him. If the will be un-
intelligible, it will fail, because the court can not make
a will. So the question of rational disposition of the es-
tate should never be submitted to the jury.

It is insisted that in the case at bar the testator de-
vised to his only daughter, appellant, an estate charged
to her at $7,000, when in fact it is only worth about $200.
The clause in question is as follows: "I give and devise
to my beloved wife, for and during her natural life, the
house and improvements on which we live, including all
that part of the home place south of line running about
east and west with the line of fence on the south side
of the field called the 'Blue-Grass Field,' and one hundred
and fifty acres called the 'Peach Orchard Tract,' and at her
death to my daughter Kate Wilson, but in the event she
should die without having lawful issue of her body living,
then said lands shall descend to my heirs at law. Said
lands shall be charged to her at the sum of seven thousand
dollars." It is insisted by counsel in brief that under
this clause appellant, Kate Wilson, is devised an estate,
by reason of the conditions therein, of only $200 in value,
while it is to be charged to her at $7,000. We do not
so construe this article. It provides a life estate to the wife,
and, if Kate Wilson be living at the death of the wife, she
gets the land in fee. The land goes to the heirs at law

only in the event that Kate Wilson dies before the wife, and leaves no issue of her body.

It is insisted that, as testator left considerable estate undevised, this is another reason why the paper should not be probated, or, rather, why the jury should have found against the paper. It appears that testator was in debt some, and it was his intention, no doubt, to leave some property undisposed of to pay his debts; and then, again, by valuing the estate devised, he seems to have realized there would or might be a surplus after the payment of his debts, and out of this surplus his children would, if possible, be made equal by the law. We are of opinion that the will rationally disposed of testator's estate, and from the evidence the jury were fully authorized to find, as they did, that he was of sound mind, and that the paper was the last will of W. H. Hays, deceased. There appearing no substantial error to the prejudice of appellant, the judgment is affirmed.

Chief-Justice Hazelrigg and Judges Paynter, Guffy, Du- Relle and Burnam concur.   Judge Hobson not sitting.