Meek v. Trotter.

---

FLORENCE MEEK *et al. v.* GEORGE M. TROTTER *et al.*

(*Knoxville.* September Term, 1915.)

1. **WILLS. Construction. Substitution. Death without issue.**

Though, where there is an immediate gift to a person with a gift over in case of his death without issue, a death without issue during the life of the testator is contemplated, the rule does not apply to a limitation over after a devise in remainder. (*Post, pp.* 150-152.)

Cases cited and approved: Vaughan v. Cator, 85 Tenn., 302; Meacham v. Graham, 98 Tenn., 190; Katzenberger v. Weaver, 110 Tenn., 620; Frank v. Frank, 120 Tenn., 569; Wilson v. Hays, 109 Ky., 321; McCormick v. McElligott, 127 Pa., 230; Mayer v. Walker, 214 Pa., 440; Sumpter v. Carter, 115 Ga., 893.

Case cited and distinguished: Cook v. Collier (Ch. App.), 62 S. W., 658.

2. **WILLS. Provisions for surviving wife. Operation and effect of election.**

Where a widow, given a life estate in real property by the will of her husband, dissented from the will, the estates in remainder were thereby accelerated so that the remaindermen became entitled to the immediate possession and beneficial use of such of the property devised to the widow for life and to them in remainder, as was not assigned to the widow as dower; the legal effect of the dissent as regarded the widow's life estate being the same as if she had died. (*Post, pp.* 152, 153.)

Cases cited and approved: Armstrong v. Park's Devisees, 28 Tenn., 195; Latta v. Brown, 96 Tenn., 343.

3. **WILLS. Provisions for surviving wife. Operation and effect of election.**

A testator gave a life estate in certain real estate to his wife, and provided that after her death certain parts of such real estate should go to his daughters D. and F.; a granddaughter and a grandson; it being further provided that upon the death of the granddaughter, or the daughter F. without issue, the

133 Tenn. 10

property given them should vest in the daughter D. and her bodily heirs. After certain money legacies, the will gave all other moneys, notes, bonds, and chattels to the children of D. The widow dissented from the will and her dower was laid off in amounts not proportioned to the several estates in remainder, a larger part of the property given to F. being taken than of the property given to the other remaindermen, while the child's portion and the year's support allotted to the widow were taken out of property that would otherwise have passed under the legacy to the children of D. *Held,* that F. was entitled to contribution from the other remaindermen to equalize the inequality due to the assignment to the widow of a disproportionate part of the real estate devised to her in remainder. (*Post, pp.* 153, 154.)

Case cited and approved: Pittman v. Pittman, 27 L. R. A. (N. S.) 605.

4. **WILLS. Provisions for surviving wife. Operation and effect of election.**

D.'s children, even assuming that the legacy to them was a residuary legacy, were entitled to have the realty turned back by the widow's renunciation sequestered during the life of the widow for their indemnity, as assuming that residuary legatees are not entitled to such relief, unless the will shows that they were preferred objects of the testator's bounty, the gifts over after the death of F. and the granddaughter without issue, showed that they were the peculiarly preferred objects of the testator's bounty. (*Post, pp.* 154-158.)

Cases cited and approved: Darden v. Hatcher, 41 Tenn., 513; Sandoe's Appeal, 65 Pa., 314; Batione's Estate, 136 Pa., 317; McReynolds v. Counts, 9 Grat. (Va.), 242; Firth v. Denny, 2 Allen (Mass.), 468; Hinkley v. House of Refuge, 40 Md., 461; Estate of Vance, 141 Pa., 201.

Case cited and distinguished: Jones v. Knappen, 63 Vt., 391.

5. **WILLS. Provisions for surviving wife. Operation and effect of election.**

The payments to F. by the other remaindermen should be continued only during the widow's life, and not throughout F.'s life. (*Post, p.* 158.)

Meek v. Trotter.

FROM KNOX.

Appeal from the Chancery Court of Knox County.—
R. H. Sansom, Special Chancellor.

Green, Webb & Tate, for complainants.

Jas. G. Johnson, guardian *ad litem* for Agnes Hen-
ritze.

Shields & Cates, for defendants.

Mr. Justice Williams delivered the opinion of the
Court.

Joseph Meek died in Knox county possessed of a
personal estate of value about $25,000, and a large
amount of real estate, consisting of above thirty im-
proved lots and parcels of realty in the city of Knox-
ville.  He left two daughters, Florence, a single woman
about thirty-five years of age; Dona, the wife of
George M. Trotter and the mother of several minor
children; and also a granddaughter, Agnes Henritze,
the latter being the only child of a deceased daughter
of the testator.

The deceased left a will, disposing of nearly all of
his realty, the items of which involved in this litigation
are as follows:

"Third, I will and bequeath to my wife, Julia Allen
Meek, all of my other real estate to have and to hold
during her natural life, provided that she shall collect
the rent, and shall pay all taxes and keep the said

property in good repair during her life. Provided, further, that she shall, after paying all taxes and for all necessary repairs, retain for herself out of the rents of said property, such sums of money as she may deem necessary to keep her in comfort during her life and hold the balance of her collections together with the interest thereon in trust for the use and benefit of the children of Dona Trotter, and at the death of said Julia Allen Meek, all of said money so accumulated out of the rent, together with the interest thereon, shall be divided equally among the children of said Dona Trotter. Provided, further, that this bequest is made to said Julia Allen Meek, my wife, in lieu of all her legal rights in my estate, both real and personal.

"Fourth. At the death of my wife, Julia Allen Meek, I will and bequeath to my daughter, Dona Trotter, the following real estate: (Here describing it.) And it is further provided that all of these bequests to my daughter, Dona Trotter, are to her and her bodily heirs, free from any right or interest in her husband.

"Fifth. At the death of my wife Julia Allen Meek, I will and bequeath to my daughter, Florence Meek, the following real estate: (Here describing nine parcels), provided that if the said Florence Meek dies without bodily heirs the remainder interest in said property shall at her death vest in my daughter Dona Trotter and her bodily heirs, free from any rights or interest of her husband.

"Sixth. At the death of my wife, Julia Allen Meek, I will and bequeath to my granddaughter: Agnes

Henritze, the following real estate: (Here describing it), provided however, that if the said Agnes Henritze shall have bodily heirs, the said property shall become vested in her fee, and in event that she die without bodily heirs, the remainder at her death shall vest in my daughter Dona Trotter, and her bodily heirs, free from any right or interest of her husband.

"Seventh. At the death of my wife, Julia Allen Meek, I will and bequeath to my grandson, Joe Meek Trotter, two houses and lots at the junction of Church and Main avenues in fee, house numbers 1118 and 1115.

"Eighth. I will and bequeath to my daughter, Florence Meek, one thousand dollars in cash.

"Ninth. I will and bequeath to my granddaughter, Agnes Henritze, one thousand dollars in cash.

"Tenth. I direct that the inheritance tax be paid out of any other moneys I may have on hand at the time of my death.

"Eleventh. All other moneys, notes, bonds and chattels that I may have at the time of my death, shall be divided equally among the children of my daughter Dona Trotter.

"Twelfth. I make, constitute, and appoint my wife, Julia Allen Meek, executrix of this my last will and testament, consisting of four typewritten pages."

Mrs. Julia Allen Meek declined to qualify as executrix and, pursuing the statutory course, dissented from the will. Commissioners were appointed, who laid off homestead, dower, a child's portion, and a year's allowance to her as widow, and in so doing assigned to her

disproportionate parts of the lots devised to the remaindermen at the death of testator's wife; for example, seven out of the nine parcels devised to Florence Meek were so assigned; two out of seventeen devised to Dona Trotter and none of those devised to Agnes Henritze. This has given rise to one of the chief disputes in this cause. The bill of complaint was filed by Florence Meek to have the will construed and the rights of those in interest decreed, in the light of the changes wrought by the dissent and of the consequent dower allotment and the setting aside to the dissenting widow of a child's portion of one-fourth of the personalty, etc. This child's portion and the year's support were taken out of the property that would otherwise have passed under the eleventh clause of the will to the minor children of Dona Trotter.

The chancellor and the court of civil appeals held that the devisees in remainder should be equalized, and that to that end Florence Meek should be paid stated sums each month during her life by Dona Trotter and Agnes Henritze, ascertained by a reference to the rental values of the properties so devised to them, respectively, and not assigned to the renouncing widow.

Several of the points determined by the lower courts in their decrees are not treated of in this opinion, but are disposed of orally and in a "memorandum for decree" handed down herewith.

The first question for treatment in this opinion is in respect to the fifth and sixth clauses of the will wherein realty is given in remainder to the daughter, Florence Meek, and to the granddaughter, Agnes Henritze, re-

spectively, after the death of the wife, with provisos that if they die "without bodily heirs the remainder interest in said property shall at her death vest in my daughter, Dona Trotter, and her bodily heirs."

It is the contention of Florence and Agnes that the limitation over in favor of Mrs. Trotter and children should only take effect in case of the death of Florence and Agnes without issue before the testator's death, and that as the event proved the testator died before Florence and Agnes; and that therefore the estates of the latter then became absolute. The cases of *Vaughan v. Cator*, 85 Tenn., 302, 2 S. W., 262; *Meacham v. Graham*, 98 Tenn., 190, 39 S. W. 12; *Katzenberger v. Weaver*, 110 Tenn., 620, 75 S. W., 937; *Frank v. Frank*, 120 Tenn., 569, 111 S. W., 1119, are relied upon to sustain the contention, in that they hold that the words "die without issue" contemplate the death of the devisee without issue surviving during the life of the testator. This contention, however, fails to take note of the distinguishing fact that those cases dealt with immediate devisees or gifts to the one declared to be, under the rule, vested with title absolute. The rule is expressed in 3 Jarman, Wills, 605-661, as follows:

"If there is an immediate gift to A. and a gift over in case of his death, or any similar expression implying death to be a contingent event, the gift over will take effect only in event of A.'s death before the testator's."

In the case at bar the gift is limited to take effect after a life estate, vested in the wife of the testator, and it has been quite generally held that the rule of the above cases is not applicable to such devisee in re-

mainder. *Wilson* v. *Hays,* 109 Ky., 321, 58 S. W., 773;
*McCormick* v. *McElligott,* 127 Pa., 230, 17 Atl., 896, 14
Am. St. Rep.. 837; *Mayer* v. *Walker,* 214 Pa., 440, 63
Atl., 1011; *Sumpter* v. *Carter,* 115 Ga., 893, 42 S. E.,
324, 60 L. R. A., 274.

The point has also been so ruled in this State. In
the case of *Cook* v. *Collier* (Ch. App.), 62 S. W., 658,
affirmed by this court, touching this point, it was said in
an opinion which was prepared by the present chief
justice:

"The rule administered in *Vaughan* v. *Cator* and
*Mecham* v. *Graham* does not apply here, because it ex-
pressly appears in the present case that the limita-
tions over were to take effect on the termination of a
life estate. Where the limitation over is made to rest
on the termination of a life estate, the rule invoked has
no application. 1 Underhill, Wills, 348. In this author-
ity it is said: 'If the devise to the primary devisee,
upon whose death without issue the devise over is to
take effect, is for life in express terms, or if upon the
whole will it is apparent that the testator did not intend
that he should in any event take the absolute interest,
death without issue will not be confined to a death dur-
ing the lifetime of the testator, but a death at any time
without issue will suffice to bring the devise over into
effect.' "

It is not controverted that when the widow dissented
and elected to take under the law and not under the
will, the estates limited in remainder to Florence
Meek, Dona Trotter, Agnes Henritze, and Joseph M.
Trotter were accelerated, so that these devisees became

entitled, nothing else appearing, to the immediate possession and beneficial use of such of the property devised to the widow for life and to them in remainder as was not assigned to the widow as dower. The legal effect of the dissent was the same as regards the widow's life estate as if she had died. *Armstrong* v. *Park's Devisees*, 9 Humph. (28 Tenn.), 195; *Latta* v. *Brown*, 96 Tenn., 343, 34 S. W., 417, 31 L. R. A., 840, and cases there cited.

The decisions elsewhere, also, appear to be uniform to the effect that a renunciation by a widow of a life interest given her by the will is equivalent to its termination by her death so far as the vesting in possession of the remainder, by way of acceleration, is concerned.

Counsel are disagreed on the question that arises out of the failure of the commissioners to lay off dower in amounts proportioned to the several estates in remainder thus accelerated as to vestiture. We are of opinion that the court of civil appeals decreed properly on this matter, to the effect that Florence Meek is entitled to equal benefits with her sister and niece, in the sense of having the inequality due to the assignment of seven out of nine of the parcels of realty devised to her remedied, except that the minor Joseph M. Trotter should have been included as the taker of an accelerated devise. The right to be accelerated in such case is subject to the right to have equalization made by way of contribution from others in the class with Florence Meek. *Latta* v. *Brown,* supra; note to *Pittman* v. *Pittman,* 27 L. R. A. (N. S.), 605. Such

waiver or dissent by the widow blots out all the provisions of the will for the widow, and leaves the remaining provisions of the will in force, to be accommodated equitably to the state of the testator's property as left by such action. The will is to be enforced notwithstanding, as nearly in accordance with the scheme devised by the testator as it can be.

It should not be in the power of a widow to exercise the functions of making another will for the testator by shifting either the benefits or the burdens at her discretion through the medium of her dissent, as for example taking for dower seven out of nine parcels from one devisee, and only two out of fifteen devised to another. The inequality due to the widow's appeal to the law's provisions are subject to be remedied by equity.

A closer question arises on the assignment of errors by the Trotter minor children in which they complain that the child's share and year's support allotted to the dissenting widow were taken from the legacy to them, given by clause eleven of the will, and that relief over because thereof was denied them.

The court of civil appeals treated clause eleven as a residuary clause, and argued that on that account the minors could have no relief, likening the case to that of the payment of debts out of a residuray fund, with result that the residuary legatees have no right to call upon special or general legatees to contribute, *Darden* v. *Hatcher*, 1 Cold. (41 Tenn.), 513.

It is true that the residuary personal estate must first bear the burden of the debts of the decedent,

and that the residuary legatees can take nothing until all debts and also, ordinarily, until all prior disposi-tions have been satisfied. Consequently, though of course the residuary legatees contribute *inter sese,* they cannot call upon other legatees to contribute or abate with them, whether these legatees be specific, demonstrative, or merely general, although the re-siduary personalty is wholly exhausted.

But if we assume, without deciding, that the eleventh clause creates a mere residuary legacy, is the decree complained of sustainable on equitable principles? The specific legacies to Florence Meek and Agnes Hen-ritze in clauses 8 and 9 are not impaired, nor is there any effort on the part of the minors to resort to same for contribution. What they do ask is that what the widow renounced and turned back when she dissented be sequestered for their indemnity as disappointed legatees. They are the only ones who do suffer dis-appointment. The devisees in remainder of reality would be wholly benefited if they be let in to an earlier enjoyment of the property (postponed as they were by the will for the life of the wife of testator) by rea-son of her dissent terminating the life estate. May they take this great benefit outright and to the detri-ment of the minors?

The rule of equity is to treat the substituted divise or bequest to the wife as a trust in her for the benefit of the disappointed claimants; and the court will assume jurisdiction to sequester the benefit intended for the refusing wife, in order to secure compensation to those whom her election disappoints. *Sandoe's*

*Appeal,* 65 Pa., 314; *Batione's Estate,* 136 Pa., 317, 20 Atl., 572; *McReynolds* v. *Counts,* 9 Grat. (Va.), 242.

The renounced benefit may be conceived of as intercepted in devolution and sequestered as the property of the widow for such indemnity. Therefore, even if the minors be deemed residuary legatees they would not in this case in legal contemplation resort for indemnification to any estate belonging to Florence Meek and the other devisees. The tolling or charge by equity in behalf of the minors would be a condition of their taking charge of the accelerated remainder interests.

The right of residuary legatees to such indemnity was recognized and enforced in *Firth* v. *Denny,* 2 Allen (Mass.), 468; *Hinkley* v. *House of Refuge,* 40 Md., 461, 17 Am. Rep., 617.

Woerner, in his work on Administration, says on this subject:

"The rejection by the widow of the provisions made for her by the will generally results in the diminution or contravention of devises and legacies to other parties. The rule in such case is that the devise or legacy which the widow rejects is to be applied in compensation of those whom her election disappoints."

In the case of *Jones* v. *Knappen,* 63 Vt., 391, 22 Atl., 630, 14 L. R. A., 293, there were involved the rights of such residuary legatees. The court, declaring the true doctrine, said: .

"The controlling, and, we think the more reasonable principle, announced in most of these cases, is the one expressed by *Woerner,* supra, *viz.,* to use the renounced divises and legacies given by the will to the

widow, to compensate so far as may be, the devises and legacies diminished by such renunciation. When the remaindermen are affected *pro rata* by such renunciation, acceleration of the enjoyment of their devises or legacies, diminished proportionately, will equitably compensate them, so far as possible for such diminution. But in this case accleration of enjoyment would increase the specific pecuniary legacies, to the detriment of the residuary legatees, whose shares only are diminished by the renunciation. Applying the principle stated, the life use of the property given by the will to the widow, and renounced by her, should be used to compensate the residuary legatees, the next of kin of the testator and of his wife. This may be accomplised by allowing that portion of the estate, not taken by the widow, to accumulate during her natural life.''

It is not unusual for a testator to provide for the preferred object of his bounty by means of a residuary clause in his will. That this is true is recognized in a case contrary to those above cited—*Estate of Vance,* 141 Pa., 201, 21 Atl., 643, 12 L. R. A., 227, 23 Am. St. Rep., 267. It is there held that the residuary estate must bear the whole loss incident to a dissent ''unless there is a plain intention in the will that the residuary legatee is the preferred object of testator's bounty.'' It is submitted that this places the rule on an illusory and unsatisfactory basis. But if it were a true test, the minor legatees meet it in the case at bar, since it is manifest from the will that they were the peculiarly preferred objects of the testator's

bounty, as witness the remainders limited in their favor in the fifth and sixth clauses of the will.

We therefore are of opinion that the realty turned back on renunciation by the widow should have been sequestered by the court below so that the net proceeds therefrom during the life of the widow should be first applied to such indemnity of the minor legatees; and that thereafter the beneficial enjoyment be with the devisees whose estates were accelerated by the dissent, they to be equalized *inter sese* as above indicated. The payment of sums from Dona and Agnes to Florence to that end will be commenced at the date they begin to receive the proceeds and be continued for the balance of the widow's life—not throughout the life of Florence, as was decreed by the lower courts.

Except as herein modified the decree of the Court of Civil Appeals is affirmed, with remand to the lower court. Costs of the appeal will be paid by the three devisees in remainder, one-half by Florence Meek and one-fourth by each of the others.