N. C. BEDDARD and wife, FRANCES, v. W. HARRINGTON and wife, PEARCY.

(Decided February 28, 1899).

## *Wills—Devise.*

A devise to a wife during her life or widowhood, and after her death, remainder to a granddaughter in fee, terminates, so far as the widow is concerned, upon her re-marriage; but the estate of the granddaughter does not commence until the death of the first taker—the intermediate interest vests in the heir of the testator.

THIS IS A CASE AGREED, submitted, under section 567 of The Code, to the decision of *Bryan, J.,* at March Term, 1898, of the Superior Court of PITT County, for construction of Frederick White's will.

The facts are as follows:

1. Frederick White died in Pitt County in 1892, leaving a last will and testament, duly probated in Pitt County Superior Court, the item of which, material to this case, is as follows:

"Item 2. I lend unto Francis White, my wife, twenty-five acres of land, including all my buildings, and the land to be laid off around the buildings, for and during her natural life or widowhood." "And the twenty-five acres I have loaned my wife I give and bequeath unto my granddaughter, Pearcy Jones, daughter of Joseph Jones, to her and her heirs in fee-simple, after the death of my said wife."

2. That Pearcy Beddard, defendant, is the Pearcy Jones spoken of in said will.

3. That Francis Beddard is the Frances White, widow of Frederick White, spoken of in said will.

4. That after the death of Frederick White, his widow, Frances, married one Moye, who died, and she afterwards married H. C. Beddard, plaintiff, and she is still living.

5. That said Joseph Jones is guardian of said Pearcy Beddard and claims that as soon as Frances Beddard married, after the death of Frederick White, said Pearcy Beddard became owner of said land in which she is given an interest by said will.

It is agreed, if the Court shall be of opinion that said Pearcy became entitled to possession of said land when said Frances Beddard married, after the death of Frederick White, then judgment shall be rendered so declaring; but if the Court shall be of opinion that said Pearcy did not become entitled to possession of said land when Frances Beddard married, after the death of Frederick White, then the Court shall adjudge that Frances Beddard is entitled to possession of said land for her natural life, and execution shall issue to carry into effect said judgment.

The party against whom judgment is rendered shall pay the cost of this proceeding.

This the 7th day of March, 1898.

BOND & FLEMING,
*Attorneys for Beddard and wife.*
HARDING & HARDING,
F. G. JAMES,
*Attorneys for Defendants.*

H. C. Beddard, plaintiff above named, being duly sworn, says:

That this controversy is real, and the proceedings in good faith, to determine the rights of the parties, and this Court would have jurisdiction if it began by summons.

H. C. BEDDARD.

Sworn to and subscribed before me, March 8, 1898.

E. A. MOYE,
*Clerk Superior Court.*

And thereupon, the following judgment was rendered, to-wit:

## JUDGMENT.

This cause, coming on to be heard, all parties being in Court, it is adjudged, ordered and decreed that Pearcy Beddard has no right to possession of land devised in will of Fred. K. White, until the death of Frances Beddard.

It is further ordered and adjudged that Frances Beddard is entitled to possession of said land, devised to her by said will, as long as she lives, and that plaintiff recover of defendants the costs of this action. Let execution issue to carry out the provisions of this judgment.

HENRY R. BRYAN,<br>
*Judge.*

From this judgment the defendants appeal to the Supreme Court.

## CASE.

This was a civil action tried before Bryan, Judge, at March Term, 1898, of Pitt Superior Court, upon a case agreed.

Judgment was rendered as set out in the record, from which judgment the defendants appeal to the Supreme Court.

The case agreed shows the contentions of the parties.

Bond fixed at $25. Approved.

BOND & FLEMING,<br>
*Attorneys for plaintiff.*<br>
HARDING & HARDING,<br>
*Attorneys for Defendants.*

*Messrs. Harding & Harding,* for defendants (appellant).
*Mr. J. L. Fleming,* for plaintiffs.

CLARK, *J.*   The devise to the wife "during her natural
life or widowhood," by the settled rules of construction, was
determinable either upon her death or re-marriage, otherwise
the words "or widowhood" would be meaningless.   2 Redf.
Wills, 219.   The widow, having re-married, can not maintain
the action to recover possession.   The devise to the grand-
daughter, the defendant, "after the death of my said wife"
can not take effect till that event, but that can not avail the
plaintiff, who must recover on the strength of her own title,
not upon defects in that of the defendant.   If there is no
provision in the will (the whole of which is not before us)
devising the realty, after the re-marriage of the widow, until
the devise to the granddaughter is to take effect, i. e. at death
of the widow, the realty would go to the heirs-at-law of the
devisor for such interval, and the granddaughter would be
entitled in that capacity as sole heir, unless there were others,
in which event she would be tenant in common till the death
of the widow, when she would become sole owner under the
terms of the devise.

In any aspect, the plaintiff is not entitled to recover, and
upon the case agreed, judgment should be entered in favor
of the defendant.

Reversed.