FRANK F. HILL, *et al. v.* FRANK ·F. HILL, *et al.*

*(Nashville,* December Term, 1928.)

Opinion filed April 13, 1929.

W. D. KYSER, MARION G. EVANS, KNIPMEYER & DIXON and EWING, KING & KING, for complainant, appellants.

DUNCAN MARTIN, for defendant, appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

Mrs. Mary M. Hill disposed of real estate in the City of Memphis, valued at $200,000, by will, the pertinent provisions being as follows:

## I.

"I appoint FRANK F. HILL, JOHN D. McDOWELL AND F. M. CRUMP as Executors of this will and make of them Testamentary Trustees. As the trust created by this will may continue for a number of years, I desire that there be at all times three Trustees, though not necessarily three Executors. . . .

## VII.

"The title to all of the real estate owned by me at the time of my death shall vest in the Testamentary Trustees above named, or their successors. They shall have power to sell or dispose of same for purposes of reinvestment, except as hereinafter provided, and the purchaser shall be charged with no duty with respect to the disposition of the proceeds. The limitation of the power of the Trustees to sell is this: They are to have unlimited power in this behalf with respect to all real estate except that in Shelby County, Tennessee, and with respect to real estate in Shelby County, Tennessee, they are to have unlimited power of disposition as to unimproved or unproductive real estate and no other. But when such unimproved or unproductive real estate is sold the proceeds shall be invested in property in Memphis or Shelby County, Tennessee, and not outside of Shelby County, Tennessee.

"Said Trustees are to hold and handle the real estate and this trust is to continue until all of my children shall die, i. e. it shall terminate when I have no living children. The real estate shall then be divided equally between the lineal descendents of my children in this way: One-third of the real estate shall go to the children of FRANK F. HILL and if he have a child or children who shall die leaving issue, then said issue shall take what would otherwise have gone to the deceased parent; One-third of the real estate shall go to the children of OLIVIA HILL GROSVENOR and if she have a child or children who shall die leaving issue, then said issue shall take what would otherwise have gone to the deceased parent; and one-third of the real estate shall go to the children of MARY HILL HODGSON and if she have a child or

children who shall die leaving issue, then said issue shall take what would otherwise have gone to the deceased parent.

"My intention being that my estate shall not go or be distributed under what is known as the Class Doctrine, but to the persons contemplated by the above provisions of this will. If any of the takers of the real estate title are minors, the Trustees shall make adequate provision for a title holder for the benefit of the minors with the income from any minor's part devoted to support, education and maintenance. I wish the Union & Planters Bank & Trust Company to be the Trustee under these conditions with exactly the same rights, powers and obligations as provided in paragraph IV with respect to the devise therein mentioned.

"Any female beneficiary of this paragraph of my will shall hold her property as her sole and separate estate and free from the debts, contracts and control of any present or future husband.

## VIII.

"The income from the trust estate created by the next preceding paragraph of my will, to-wit: paragraph VII is to be equally divided between FRANK F. HILL, OLIVIA HILL GROSVENOR, and MARY HILL HODGSON. Upon the death of any one or more of my three children, with a survivor or survivors left, that portion of the income which would have gone to the parent is to go to the children of the deceased parent and with respect to minors, I wish the Union & Planters Bank & Trust Co. to be a Trustee under the same terms and conditions as outlined in paragraph III of this will.

"This income is to be paid or distributed, at least, annually and oftener if the Trustees believe it will serve the best interests of the estate—my purpose being to have an equal division of the income from the trust real estate between my children.

"It is not my intention to use words of limitation on the powers of the Testamentary Trustees with respect to their manner of handling the real estate. It is my purpose to permit them to manage such property as they see fit, selling same, repairing buildings, rebuilding when necessary and there is this restriction as to the distribution of the income; Should it be necessary to reconstruct a building on account of its damage or destruction by fire or because condemned under legal authority, the Trustees are to use whatever may be necessary from the income of my estate for this purpose and to that extent the provision as to annual distribution is limited. In the event the Trustees, in the exercise of their discretion, invest the proceeds of property which is sold in personal property the same shall, for all the purposes of this will, be treated as real estate."

The immediate beneficiaries, Frank F. Hill, Mrs. Olivia Hill Grosvenor, and Mrs. Mary Hill Overton, formerly Mrs. Mary Hill Hodgson, renounced benefits under the will and each confirmed the act of renunciation by deed of conveyance to his or her children who, if living at the termination of the trust, would take under the will. The Trustees also joined in a conveyance to the contingent remaindermen. The bill was then filed upon the theory that the action of the Trustees and the renunciation of Mrs. Hill's son and daughters terminated the trust and made the limitations over to the remaindermen effective.

The prayer of the bill is that the court declare that the title to the property is vested in the remaindermen as a result of the action of the Trustees and immediate beneficiaries, that the trust be terminated and the Trustees be permitted to pass their accounts and have a discharge.

The guardian *ad litem* representing minor defendants and possible contingent remaindermen demurred to the bill.

The chancellor sustained two grounds of the demurrer, in substance holding (1) that the primary purpose of the testatrix in creating the trust was to preserve the estate and allow it to enhance in value during the life of the trust for the benefit of remoter descendants rather than to provide an income for her children who are the beneficiaries of the net income during life; (2) that by the terms of the will the remaindermen took contingent interests subject to a re-opening on behalf of the afterborn children of the groups provided for, and that the remainder could not vest until the termination of the trust, hence it was impossible to determine until after the death of Mrs. Hill's children what members of the group would take as contingent remaindermen.

While conceding that the intention of the testatrix is controlling, counsel for complainants say that the chancellor erred because no provision of the will raises an inference that forbids termination of the trust and an application of the doctrine of acceleration. In support of their insistence they rely upon *Waddle* v. *Terry,* 4 Cold, 51; *Meek* v. *Trotter,* 133 Tenn., 145; *American National Bank* v. *Chapin,* 17 A. L. R., 312, and Rood on Wills, sec. 576. The principle underlying these authorities is clear. They recognize the rule that there can be no

acceleration of the contingent remainder for any cause contrary to the intention of the testator.

But when the primary intention of the donor of the life estate is defeated by the donees' renunciation they give effect to the presumed or imputed intention of the donee. The application is made, especially, in cases where a husband devises a life estate to his wife with remainder to others. In such cases it is supposed that the husband knew his wife might exercise the power of election, and if she refused to accept under the will, and by her act took the life estate out of the way of the remainder, the remainder would vest as if the life estate was terminated by the death of the life tenant. The idea is illustrated in our cases of *Waddle* v. *Terry, supra; Armstrong* v. *Parks' Devisees,* 9 Humph., 195; *Latta* v. *Brown,* 96 Tenn., 343; and the cases of *American National Bank* v. *Chapin,* 17 A. L. R., 304; and *Young* v. *Harris,* 5 A. L. R., 477, and accompanying annotations, and 23 Ruling Case Law, p. 557, section 104, which is as follows:

"The doctrine of acceleration of remainders is based upon the presumed intention of the testator to devise the property in remainder from and after the determination of the preceding estate, and not from and after the death of the life tenant. It proceeds upon the supposition that though the ulterior devise is in terms not to take effect in possession until the decease of the prior devisee, yet, in point of fact, it is to be read as a limitation of a remainder to take effect in every event which removes the prior estate out of the way. It is a rule of interpretation and is to be applied so as to effect, and not to defeat, the testator's intention. Like all other rules for the interpretation of a will, it yields to the manifest intent of the testator. If it is evident that the testator did not in-

tend such a result there will be no acceleration. . . .
Where the taking effect in possession of the ulterior remainder is postponed only in order that a life estate may be given to a life tenant, upon the failure or destruction of the life estate the rights of the second taker are accelerated although the prior donee be still alive; but where the intention of the testator is that the remainder shall not take effect until the expiration of the life of the prior donee, the remainder will not be accelerated.''

By the terms of her will, the testatrix did not pass to her three children a life estate by apt words and an estate over to particular remaindermen. She conferred the immediate legal estate upon Trustees with directions as to its management and as to the disposition of the income, making the period of the trust dependent upon the lives of her son and daughters. Her apparent intention was to preserve the estate for descendants beyond her children. That intention is expressed by the language of the will and by its context, for she directed that the trust continue until the death of all her children when the property should pass in three equal parts to their surviving children and to the issue of such of their children as might be dead leaving issue. The remainder cannot vest until the death of Mrs. Hill's children.

The circumstance that the persons, who under the terms of the will are to take on the expiration of the life estate, cannot be determined until the death of the life tenants furnishes a conclusive reason why the trust created by the will for the life of the immediate donees cannot be terminated at their election and also a reason why the remainders cannot be accelerated. The doctrine of acceleration, as shown by the foregoing authorities, is based upon the presumed intention of the testator, and

it can be invoked only to effect that intention and not to defeat it. It appears by reference to the will that an application of the doctrine as sought by complainants would defeat the intention of the testatrix. That being true, renunciation by the beneficiaries of the net income from the estate would not authorize the court to declare a termination of the trust and the acceleration of the remainder.

Such was the conclusion in *Vines* v. *Vines*, 143 Tenn., 519, where the court, speaking through Mr. Justice McKinney, said in substance that to permit a termination of the trust upon renunciation of the beneficiaries would amount to a substitution of their purposes for those of the testators, and would produce a result contrary to the intention of the donor.

The intention being clear that the testatrix intended to postpone the time for the remainder to vest in an uncertain class of contingent remaindermen living at the death of her three children, the renunciation by the beneficiaries of the trust of their interest in the precedent estate would not let in the doctrine of acceleration. This is so, because contrary to the intention of the testatrix (Perry on Trusts, 309) and because of the impossibility of ascertaining the contingent remaindermen until the happening of the contingency upon which the testatrix declared by her will the remainder should vest.

We find no error in the decree of the chancellor and his decree is affirmed.