ROBERT B. BASS, IRENE B. LUCAS, ELIZABETH B. PAGE, MARY M. GREGORY, GEORGE H. MOBLEY, ERNEST W. MOBLEY, NATHAN W. MOBLEY AND LEE M. HOLLAND, A MINOR APPEARING BY HER NEXT FRIEND, JOSEPH HOLLAND, v. L. I. MOORE, JR., AND WIFE, GRACE T. MOORE, EVERETT R. BRIDGERS AND WIFE, HELEN P. BRIDGERS, LIZZIE L. DRIVER AND HUSBAND, WILLIAM DRIVER, LYDIA LAMM, ROSELLE BARNES AND WIFE, NETTIE BARNES, STELLA BULLOCK AND HUSBAND, PHAROAH BULLOCK, ELLA BOYKIN, A. J. BARNES, TRUSTEE, T. E. DILLON AND T. F. BRIDGERS.

(Filed 22 September, 1948.)

**1. Judgments § 27b—**

Where the court acquires jurisdiction of the parties and subject matter of an action its judgment cannot be treated as a nullity.

**2. Judgments § 27c—**

Judgment was entered in an action by a widow, vacating certain deeds which had been executed to destroy the estate by entirety in lands theretofore held by herself and husband and declaring that the husband's devisees took no interest in the land. Attack of the judgment on the ground that the infant contingent remaindermen were represented by a guardian *ad litem* who was a creditor of the widow, that he failed to assert valid defenses to the action existing in their favor, and that the widow thereafter mortgaged the lands to him to secure her debt to him, is an attack of the judgment for intrinsic fraud.

**3. Judgments § 25—**

The remedy to attack a judgment for intrinsic fraud is by motion in the cause.

**4. Pleadings § 28—**

Judgment on the pleadings may not be entered in an independent action attacking a judgment for intrinsic fraud, since the proper remedy to set aside the judgment is by motion in the cause.

**5. Same: Ejectment §§ 16, 19—**

While in an action in ejectment either party may attack any instrument relied on by his adversary as a muniment of title, where, even though the judgment under which defendants claim be set aside on plain-

tiffs' attack, plaintiffs nevertheless would not be presently entitled to possession of the *locus* as against defendants, the cause of action in eject- ment must fail, and plaintiffs cannot be entitled to judgment on the pleadings.

**6. Judgments § 28: Ejectment § 10: Wills § 33c—Contingent remainder- men cannot maintain ejectment against those owning interest of life tenant.**

In an action by a widow, judgment was entered vacating certain deeds which had been executed to destroy the estate by entirety in lands there- tofore held by herself and husband and declaring that the husband's devisees had no interest in the lands. Plaintiffs instituted this action against those claiming under *mesne* conveyances from the widow, attack- ing the judgment on the ground that minor contingent remaindermen were represented by a guardian *ad litem* who was a creditor of the widow, that he failed to assert valid defenses existing in their favor, and that she thereafter mortgaged the lands to secure her debt to him. *Held:* The judgment was nevertheless valid as against the adult life tenant and the adult contingent remaindermen who failed to file answer, and their inter- est passed to the widow under the judgment, and the life tenant being still alive, plaintiffs cannot be entitled to immediate possession even though the judgment be declared void as to the minor contingent re- maindermen.

**7. Wills § 33c: Estates § 9a—**

Forfeiture of a life estate for waste cannot accelerate the vesting of contingent remainders, and therefore plaintiffs in ejectment claiming as contingent remaindermen cannot establish right to immediate possession by showing such forfeiture of the life estate.

APPEAL by plaintiffs from *Burgwyn, Special Judge,* May Term, 1948, WILSON. Affirmed.

Civil action (1) to vacate and annul a judgment of the Superior Court as a cloud upon the title of plaintiffs to the real estate described in the complaint, (2) in ejectment to recover possession of said land, and (3) for an accounting for rents and profits.

N. W. Lamm and wife, Martha E. Lamm, owned a farm in Wilson County and a lot in the Town of Wilson, known as the Riley lot, as tenants by the entirety. In 1911 they undertook to convey both tracts to O. P. Dickinson for the express purpose of having him reconvey the same to N. W. Lamm so as to destroy the estate by the entirety and vest him alone with title in fee. Dickinson simultaneously conveyed same to N. W. Lamm. The deed from Lamm and wife to Dickinson was not executed in conformity with the provisions of G. S., 52-12.

In 1915 N. W. Lamm died testate. In his will he made certain bequests to his wife and devised to her for life all his real property except the Riley lot in the Town of Wilson. He then devised the Riley lot and the farm to Lizzie Lamm Bass (now Lizzie Lamm Driver) for life

(subject to the life estate of Martha E. Lamm) "and upon her death, then to her children, or to the issue of those that may be dead, in fee simple, share and share alike. But in the event my said daughter should die without leaving any issue, or the children of such that may be dead, then I direct that said tract of land and the said town lot shall go to, and be held in fee by Lydia Lamm, wife of Robert Lamm, Roselle Barnes, Stella Bullock, wife of Pharoah Bullock, and Ella Boykin, wife of Hilliard Boykin, share and share alike." He then directed that none of the said land should be sold during the lifetime of Lizzie Lamm Bass.

In December 1929, Martha E. Lamm instituted an action in the Superior Court of Wilson County against Lizzie Lamm Bass Mobley, her children, and those named in the will as ultimate takers in the event the life tenant died without issue surviving, for the purpose of removing the cloud cast upon her title by the void deeds from Lamm and wife to Dickinson, and from Dickinson to N. W. Lamm. At the time, the children of the life tenant (Lizzie Lamm Bass Mobley) were all infants without guardian and the court appointed M. H. Lamm guardian *ad litem* to represent them. He filed answer in which he admitted the allegations of the complaint. The adult defendants, the life tenant and the ultimate takers under the limitation over, filed no answer. Judgment for plaintiff vacating said deeds and declaring plaintiff therein to be the owner of said farm and lot was duly entered. Martha Lamm, plaintiff therein, then executed a mortgage on the lot to M. H. Lamm, the guardian *ad litem* therein, to secure a debt to him.

Thereafter, defendant L. I. Moore acquired title to the farm tract and defendant Everett R. Bridgers acquired title to the town lot by *mesne* conveyances from Martha Lamm, the title of Bridgers resting on a deed in foreclosure of the mortgage deed from Martha Lamm to M. H. Lamm.

Lizzie Lamm Driver, the life tenant, is still living. On 23 October, 1947, the said infants, all of whom, save one, are now of age, instituted this action in part to vacate said judgment. They allege that the guardian *ad litem* was a large creditor of the plaintiff in that action, that he signed her cost bond, that counsel for plaintiff therein is also counsel of record for the guardian *ad litem,* that the guardian *ad litem* admitted all allegations of the complaint and knowingly and fraudulently suppressed and failed to plead a valid defense, to wit, that the plaintiff, Martha Lamm, by qualifying as executrix of the will of N. W. Lamm and accepting the benefits accruing to her thereunder, elected to ratify said will and is now estopped by such election to claim title to said land devised in said will to their mother, Lizzie (Lamm) Driver, for life, with remainder to them in fee. The action is also an action in ejectment in which they pray judgment that they are the owners of said land, entitled to immediate possession thereof and for an accounting of rents and profits.

BASS v. MOORE.

The defendants filed answer to the complaint in which they admit certain allegations in respect to the former judgment and plead certain defenses. Thereupon, plaintiffs appeared and moved to strike various portions of the answer and "for judgment in full upon their complaint as if no answer had been filed."

When the cause came on for hearing on said motion, the court denied the same. Plaintiffs excepted and appealed.

*F. L. Carr* for plaintiff appellants.

*Oliver G. Rand, Connor, Gardner & Connor,* and *Langston, Allen & Taylor* for defendant appellees.

BARNHILL, J. The portions of the answer which plaintiffs seek to have stricken are not so irrelevant and immaterial as to require a reversal of the judgment below. Such questions as plaintiffs seek to present by their motion may be decided by objections to the evidence offered in support thereof at the trial. We enter into no detailed discussion thereof for the further reason that, even if stricken and not considered, plaintiffs are not entitled to judgment on the pleadings.

In the action to vacate the Lamm-Dickinson deeds, the court acquired jurisdiction of the parties and the subject matter of the action. The judgment therein is not one that may be treated as a nullity. *Monroe v. Niven,* 221 N. C., 362, 20 S. E. (2d), 311; *McRary v. McRary,* 228 N. C., 714; *Johnston County v. Ellis,* 226 N. C., 268, 38 S. E. (2d), 31. If the facts alleged by plaintiffs, upon which they bottom their prayer for judgment vacating the former judgment in the case of *Lamm v. Mobley et al.,* tend to establish fraud such as would vitiate the judgment, then that fraud is intrinsic. Their remedy is by motion in the cause. *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315; *Horne v. Edwards,* 215 N. C., 622, 3 S. E. (2d), 1; *Woodruff v. Woodruff,* 215 N. C., 685, 3 S. E. (2d), 5; *Rosser v. Matthews,* 217 N. C., 132, 6 S. E. (2d), 849; *Davis v. Land Bank,* 217 N. C., 145, 7 S. E. (2d), 373; *Coker v. Coker,* 224 N. C., 450, 31 S. E. (2d), 364, and cases cited; *Young v. Young,* 225 N. C., 340, 34 S. E. (2d), 154; *King v. King,* 225 N. C., 639, 35 S. E. (2d), 893; *Simmons v. Simmons,* 228 N. C., 233. It follows that plaintiffs are not entitled to judgment on the pleadings vacating said former judgment.

In so holding we are not inadvertent to the rule that in an action in ejectment either party may attack any instrument relied on by his adversary as a muniment of title. *Powell v. Turpin,* 224 N. C., 67, 29 S. E. (2d), 26, and cases cited; *Eborn v. Ellis,* 225 N. C., 386, 35 S. E. (2d), 238. The rule has no application here for the reason plaintiffs are not,

in any event, presently entitled to the possession of the *locus*. Their right of enjoyment has not accrued.

It is admitted that Lizzie Lamm Driver, the life tenant under the will of N. W. Lamm, is still living. The judgment in the former action is valid, as against the adult defendants therein, if not the infants. Therefore, if Mrs. Lamm must rely on the judgment, then she recovered the Lizzie Lamm Driver life estate and the contingent right of the adults named in the limitation over in the event she should leave no issue surviving, if no more. She has, by *mesne* conveyances, transferred that interest—if not the fee—to the defendants herein.

But even if we should concede that the life tenant, by failing to file answer in the former action, committed waste and forfeited her life interest in the property, there could be no acceleration as contended by plaintiffs. They are the named remaindermen, but their right of enjoyment is contingent upon whether they survive the life tenant. The right of enjoyment accrues when the contingency is fulfilled, for only then can it be ascertained with certainty to whom such right belongs. Hence the plaintiffs are not entitled to the present possession and enjoyment of the *locus,* for that right has not yet accrued. To hold otherwise on this record would defeat the express intent of the testator who has directed that the roll be called at the death of the tenant for life.

Ordinarily there can be no acceleration of a contingent remainder. Claimants must await the happening of the event upon which their rights depend. *Beddard v. Harrington,* 124 N. C., 51; *Hill v. Hill,* 159 Tenn., 27, 16 S. W. (2d), 27; *Compton v. Barbour,* 5 A. L. R., 465 (Va.); *Swan v. Austell,* 261 F., 465 (*cert.* denied 252 U. S., 579, 64 L. Ed., 726); *Foreman Trust & Sav. Bank v. Seelenfreund,* 62 A. L. R., 201, Anno., *ibid.,* p. 207.

"The rule is general and well recognized that in the case of a contingent remainder, where it is dubious and uncertain as to what persons will be entitled to take the remainder, there can be no acceleration or vesting of the remainder by a renunciation of the particular estate by which the remainder is supported." *Schaffenacker v. Beil,* 320 Ill., 31, 150 N. E., 333.

In the light of what we have said, it is apparent that plaintiffs are not entitled to judgment on the pleadings. Hence the judgment below must be

Affirmed.