ALBRIGHT *et al. v.* ALBRIGHT *et al.*

(*Jackson,* April Term, 1951.)

Opinion filed June 16, 1951.

PIGFORD & KEY, of Jackson, for complainants.

W. H. SLOAN, of Savannah, guardian ad litem, for defendants.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an appeal from the decree of the chancery court of Hardin County construing the will of Daniel A. Welch, who died on October 9, 1947. The complainants, Virginia Albright and Dannie Welch West, are daughters of the deceased and devisees under the will of their father. By express direction of the will they were named as joint executrices of the will without bond. The defendants are the minor children of the complainant, Mrs. Virginia Albright, without regular guardian.

The deceased left surviving him his widow, Mrs. Frankie Welch, a son Thomas D. Welch, and the complainants as his only children, heirs at law and devisees under his last will and testament. The corpus of the estate of the deceased consisted of twelve parcels of land of the appraised value of $39,000 and a net personal estate in excess of $50,000. Certain tracts of land were devised to Thomas D. Welch for life with the remainder to his three children, who were also given special bequests of $1,500 each. He carried a considerable amount of life insurance but no disposition was made of this in his will. The said Thomas D. Welch and his children have no further interest in the estate of the deceased, and are not interested in the construction of his will. The same is true of Frankie Welch, who, as the widow of the deceased, dissented from the will and made a settlement of all her claims against his estate. This being true they are not necessary parties to this proceeding.

The pertinent paragraphs of the will which the Chancellor was asked to construe are the following:

## "Item Six

"I devise to my daughter, Dannie Welch, the upper part of the Cherry farm on the west side of the river same consisting of 132 acres, 100 acres of which I acquired by will of my father, T. J. Welch and 32 acres bought by me from Mary Cherry she, the said Dannie Welch to take the same in fee at the death of my wife, Frankie Welch, and during the life of my wife Frankie Welch the rents of the same be taken by my wife, Frankie Welch and my daughter Dannie Welch.

## "Item Seven

"I devise to my daughter, Virginia Albright the lower part of the J. I. Welch farm in the 7th Civil District containing 100 acres, she, the said Virginia Albright to take the same in fee at the death of my wife, Frankie Welch, and during the life of my said wife, she and Dannie Welch my daughter to receive the rents and profits from same.

## "Item Eight

"I bequeath my Stock in the Citizens Bank, Savannah, Tennessee to my daughter Dannie Welch she to take the same absolutely at the death of my wife, Frankie Welch, and during the life of my said wife she and my daughter, Dannie Welch to receive the income from the same.

## "Item Nine

"I devise the remainder of my real property of every kind and wherever situated to my daughters, Virginia Albright and Dannie Welch, they to share and share alike in same, and they to take the same in fee at the death of my wife, Frankie Welch, and Dannie Welch to receive the rents and profits from same during the life of my said wife and at her death my said daughters to take the same in fee.

"Item Ten

"Should either of my daughters die before they enter upon their respective estates in fee, and leave no child or children then the survivor of them to take the share and the interest of the deceased one. But if either of them dies leaving child or children then the said child or children stand in the place and take the same as if the parent were living and take. This Item applies to both real and personal property herein devised and bequeathed.

"Item Eleven

"My said Executrices will take possession of all cash, notes and bonds not above disposed of, collect the same if they deem best and reinvest same in Government Bonds and the income from all of same to be taken by my said wife Frankie Welch and Dannie Welch during the life of my wife, Frankie Welch and at her death same be taken by my two daughters and under the conditions as set out in item ten."

The Chancellor sustained the contention of the complainants that the testator's intention was to devise to the widow a life estate in the property described, and to the daughters, Virginia Albright and Dannie Welch, a vested remainder interest; that by virtue of the widow's dissent from the will the remainders were accelerated and the devisees were entitled to immediate possession. The defendants, through the guardian ad litem duly appointed by the court, appealed and filed six assignments of error. Collectively they present but one question, whether or not the remainders devised to the complainants were accelerated by the dissent of their mother from the will.

The contention of the guardian ad litem is that the remainder interests devised to the complainants were contingent upon their survival of their mother's *natural*

*death,* and not one that became vested in possession upon the widow's dissent. In other words there has been no acceleration of these remainders.

The complainants say "that they are now entitled to receive their bequests and devises under said will in as full and ample a manner as if the widow, Mrs. Frankie Welch, had died in their lifetime." Contention is further made that as executrices of the will of their father, Daniel A. Welch, they should now be permitted "to make full distribution of the assets of the estate between themselves without awaiting the termination of the life of Mrs. Frankie Welch."

It cannot be doubted that our cases fully recognize the doctrine of acceleration of remainders. *Waddle, Adm'r* v. *Terry,* 44 Tenn. 51; *Brown* v. *Hunt,* 59 Tenn. 404; *Armstrong* v. *Park's Devisees,* 28 Tenn. 195; *Hill* v. *Hill,* 159 Tenn. 27, 16 S. W. (2d) 27, 28, and *Latta* v. *Brown,* 96 Tenn. 343, 34 S. W. 417, 31 L. R. A. 840. See also Pritchard on Wills, Section 766.

That there can be no acceleration of a contingent remainder, where the testator clearly intended to create such an estate, is conceded; also that there can be no renunciation of an estate by beneficiaries that would work an acceleration contrary to the intention of the testator.

The case most strongly relied on by the guardian ad litem is *Hill* v. *Hill,* supra, which holds "there can be no acceleration of the contingent remainder for any cause contrary to the intention of the testator." We could have no alternative other than to reverse this case if the testator's intention was to give these complainants a vested estate contingent upon their survival of the death of Mrs. Welch. This is a typical case to which the generally accepted rule should be applied, that is that

no remainder will be construed as contingent which may, consistent with the testator's intention, be deemed vested. Thus in *Bigley* v. *Watson,* 98 Tenn. 353, 359, 39 S. W. 525, 526, 38 L. R. A. 679, it was held: "It is not amiss to remark in passing that 'the lines of distinction between vested and contingent remainders are so nicely drawn that they are sometimes difficult to be traced' (4 Kent, Comm. *204), and that in those instances where the disposition is so obviously upon the border as to be inherently doubtful between the two, the doubt will be resolved in favor of the former, for the reason that the general law favors the vesting of estates at the earliest practicable moment."

While the doctrine of acceleration is recognized in *Hill* v. *Hill* it was held that it did not apply because the testator created a trust for the benefit of her children and also more remote descendants. It was to continue for the benefit of surviving children and "to the issue of such of their children as might die leaving issue." The immediate beneficiaries could not by deeds of conveyance terminate the trust contrary to the intention of the testator and thus deprive remote descendants of their rights in the trust estate.

The case is not in point. In the case at bar the widow's dissent was exercised as a matter of right, and she disappointed no one to their injury and contrary to the intention of the testator. By her renunciation of her life estate in the property the result was the same as if the testator had refused to recognize her as the object of his bounty, or that she had died and hence could not file a dissent. A reasonable interpretation of the will is that these complainants were devised a fee simple estate subject to the widow's life estate and that upon

the termination of that estate the complainants had the right to immediate possession.

The testator knew full well of his widow's right to dissent. Moreover in the construction of a will it is presumed that the testator had knowledge of his widow's right to dissent. *Cochran* v. *Garth,* 163 Tenn. 59, 40 S. W. (2d)1023, 76 A. L. R. 1413; *Hill* v. *Hill,* supra. It seems to us unthinkable that this intelligent devisor should have intended that, his widow having dissented, the two daughters should have no right to possession of the property until her natural death. It would create a situation where no one could assert any lawful right to possession of the property, or benefits therefrom, for a number of years following the testator's death. In these circumstances it does not require a great amount of erudition for one to conclude that this was far from the testator's intention.

Contention is made by appellants that under Item Ten of the will the estates devised to Mrs. Albright and Mrs. West are not accelerated because of the provision that ''if either of them dies leaving child or children then the said child or children stand in the place and take the same as if the parent were living''; also that if one of them should die without children surviving the property should pass to the other, thus creating contingent interests which are not subject to the doctrine of acceleration.

We are unable to agree to the foregoing as a sound premise upon which to conclude that the doctrine is not applicable. On the contrary we are convinced beyond any doubt that the testator's intention was to devise these complainants a ''fee'', and that they acquired such an interest when the will took effect. They could not ''enter upon their respective estates *in fee*'' because of the

particular estate created in the widow. The testator having devised a "fee" we are not justified in concluding that he intended to devise a lesser estate by the provision that if either should die leaving children the said child should stand in the place of the parent. We cannot bring ourselves to the conclusion that the testator intended to limit the devisees in their ownership and their right to dispose of the property at will.

The doctrine of acceleration is based upon the presumed intention of the testator and can be invoked only to effect that intention, not to defeat it. *Hill* v. *Hill,* supra. In the instant case we think the doctrine should be applied for the reason the intention of the testator is in no way frustrated, nor can it be said that any one claiming any lawful right under the will is defeated.

In further response to the assignment of error that acceleration is not applicable because by the terms of the will the estates devised were to take effect in possession "*at the death of my wife*", and not upon her dissent from the will. We think the case of *Meek* v. *Trotter*, 133 Tenn. 145, 180 S. W. 176, 178, is controlling. It was there held:

"The legal effect of the dissent was the same as regards the widow's life estate as if she had died. *Armstrong* v. *Park's Devisees,* 9 Humph. ([195], 28 Tenn.), 195; *Latta* v. *Brown,* 96 Tenn. 343, 34 S. W. 417, 31 L. R. A. 840, and cases there cited.

"The decisions elsewhere, also, appear to be uniform to the effect that a renunciation by a widow of a life. interest given her by the will is equivalent to its. termination by her death so far as the vesting in possession of the remainder, by way of acceleration, is concerned."

The foregoing decision is supported in our opinion by the weight of authority. See numerous cases cited in

annotations to *In re Disston's Estate,* 257 Pa. 537, 101 A. 804, L. R. A. 1918B, 62, also note (2) to the text in 33 Am. Jur., Section 155, page 622. In 28 R. C. L. at Section 323, page 334, it is said: ''The doctrine is one of interpretation, and proceeds on the supposition that though the ulterior devise is in terms not to take effect in possession until the decease of the prior devisee, yet, in point of fact, it is to be read as a limitation of a remainder, *to take effect in every event which removes the prior estate out of the way.*'' (Emphasis supplied.)

In other cases where there is a contrary holding it is held that to approve the doctrine of acceleration would result in a disarrangement of the rest of the scheme of distribution, also where the result produced would be contrary to the express intent of the creator of the estate. See cases cited in the note in 18 L. R. A., N. S., 272.

The assignments of error are overruled and the Chancellor's decree affirmed. The cause is remanded for appropriate orders, fixing the fee of the guardian ad litem which should be paid by the complainants, and other orders necessary to a final decree.

All concur.