RICHARD SIEGEL, JR., et al.

*v.*

DAYTON JOHNS, JR., et al.

354 S. W. 2d 66.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

SMITH & SELLERS, Murfreesboro, for appellants.

W. E. MASON, Murfreesboro, for appellees.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

The bill herein was filed seeking a construction of a deed executed on January 11, 1936, by S. O. Johns and wife, Lillie Johns to Richard Siegel, Sr. et al.

There was a demurrer filed to the bill on the ground that the court had no jurisdiction over the unborn children of Mrs. Erma Siegel and no jurisdiction over the unborn children of Richard Siegel, Jr.

The Chancellor held that this ground of the demurrer should be sustained insofar as it averred that the unborn children of Richard Siegel, Jr. were necessary parties, but that the demurrer was not well taken as to the unborn children of Mrs. Erma Siegel, for the reason that the deed in question relates only to the children born to Richard Siegel, Sr. and Mrs. Erma Siegel.

The appellants were given time to file an amended bill making the unborn children of Richard Siegel, Jr. parties.

Thereafter, the Chancellor on the pleadings and without proof, entered a final decree in which he held that the deed referred to "created a life estate in Richard Seigel, Sr., and wife Mrs. Erma Seigel, with remainder interest in Richard Seigel, Jr., which will not become

vested until and if he survives his mother, Mrs. Erma Seigel.'' This appeal resulted.

The deed in question signed by S. O. Johns and wife, Lillie Johns contains the following granting clause:

''We, S. O. Johns and wife, Lillie Johns, having this day bargained and sold and do hereby transfer and convey unto the said Richard Siegel, Sr., and wife, Mrs. Erma Siegel for and during their lifetime, and at their death to Richard Siegel, Jr., and William Spencer Siegel, their two children, and to any other child or children that may be born to them, it being the intention of the grantors and grantees, Richard Siegel, Sr., and wife, Mrs. Erma Siegel, that a life estate be vested in the said Richard Siegel, Sr., and wife, Mrs. Erma Siegel, and at their death the fee be vested equally in Richard Siegel, Jr., and William Spencer Siegel and any other child or children born to them, hereafter, equally, and in the event of the death of said Richard Siegel, Jr., or William Spencer Siegel, or any other children born to the said Richard Siegel, Sr., and wife, Mrs. Erma Siegel, should die leaving a child or children, his or their share will go to any child or children, left by either of them in case either of them die leaving children.''

The habendum clause of said deed was in the words and figures as follows:

''To have and to hold said tract or parcel of real estate with the appurtenances, estate, title and interest thereto belonging, unto the said Richard Siegel, Sr., and wife, Mrs. Erma Siegel, for and during their natural life, and at their death to the said Richard Siegel, Jr., and William Spencer Siegel and any other

children born to said Richard Siegel, Sr., and wife, Mrs. Erma Siegel, or their descendants."

S. O. Johns died intestate in Rutherford County, several years ago survived by his widow, Mrs. Lillie Johns, leaving as his only heirs at law his daughter, Mrs. Erma Siegel and one son, Dayton Johns, Sr. Thereafter, Dayton Johns, Sr., died intestate, leaving as his only heirs at law his son and daughter Dayton Johns, Jr. and Sara Helen Hall, who were made defendants to the bill.

Richard Siegel, Sr., is now dead and he left his widow, Mrs. Erma Siegel, and two sons, William Spencer Siegel and Richard Siegel, Jr. William Spencer Siegel died intestate and without issue.

It was the contention of the original bill that due to the fact that William Spencer Siegel had died without issue or descendants and that Richard Siegel, Sr., had died and that, therefore, no further children could be born to the union of Richard Siegel, Sr., and wife, Mrs. Erma Siegel, that Richard Siegel, Jr., held a vested remainder in said property, subject only to the life estate of his mother, Mrs. Erma Siegel.

The above stated demurrer was filed which alleged that the court had no jurisdiction over the unborn children of Mrs. Erma Siegel and no jurisdiction over the unborn children of Richard Siegel, Jr.

The Chancellor held that this ground of the demurrer was sustained insofar as it averred that the unborn children of Richard Siegel, Jr. were necessary parties, but that the demurrer was not well taken as to the unborn children of Mrs. Erma Siegel for the reason that the

deed in question relates only to the children born to Richard Siegel, Sr., and Mrs. Erma Siegel. Thereafter the amended bill was filed making the unborn children of Richard Siegel, Jr. parties defendant.

Thereafter the defendants Dayton Johns, Jr. and Sara Helen Hall filed a pleading which they styled as a "Plea to the Bill and Answer thereto." In this pleading they renewed the remaining grounds of their original demurrer and for their answer admitted the facts as alleged in the bill, "but specifically deny that the complainants are entitled to the relief sought therein."

On the record, the Chancellor entered a decree that the deed referred to "created a life estate in Richard Siegel, Sr., and wife, Mrs. Erma Siegel, with remainder interest in Richard Siegel, Jr., which will not become vested until and if he survives his mother, Mrs. Erma Siegel."

There are two assignments of error, one that the lower court was error in holding that the deed in question created a remainder interest in Richard Siegel, Jr., which will not become vested until and if he survives his mother, Mrs. Erma Siegel. It was also claimed error in that the Chancellor did not hold that Richard Siegel, Jr., is now vested with the fee simple title to said property, subject only to the life estate of his mother, Mrs. Erma Siegel.

■ This State favors vested estates in remainder rather than contingent estates in remainder. *Albright v. Albright,* 192 Tenn. 326, 241 S.W.2d 415.

■ We are of the opinion that the interest at present held by Richard Siegel, Jr., is a contingent remainder

depending upon afterborn children and that the deed created a life estate in Richard Siegel, Sr., and wife, Mrs. Erma Siegel, with contingent remainder interest in Richard Siegel, Jr.

While it is true the law favors the vesting of interests but at the same time it seems to be clearly the intention of the deed to take care of any children born to Richard Siegel, Jr.

It results that the decree of the Chancellor will be affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.