Lytton CLARK, Executor of the Estate of Edwin D. Chappell and Thomas H. Chappell, Jr.

v.

BOARD OF TRUSTEES OF the TENNESSEE ANNUAL CONFERENCE OF the METHODIST CHURCH and Elizabeth Amanda Chappell, A Minor.

Supreme Court of Tennessee.

March 24, 1980.

F. Clay Bailey, Jr., Nashville, for appellants.

William T. Bozeman, Nashville, Guardian ad litem for Elizabeth Amanda Chappell.

J. C. Dale, Jr., Nashville, for Board of Trustees of the Tenn. Annual Conference of the Methodist Church.

## OPINION

COOPER, Justice.

The application for permission to appeal was granted to determine the effect of the dissent by Margaret H. Chappell from the will of her husband, wherein she had been bequeathed a life interest in a testamentary trust.

The bequest that is the subject of the controversy is as follows:

ITEM EIGHT: I give, devise and bequeath all the rest and residue of my property of whatever kind and wheresoever situated to the Commerce Union Bank, in trust for the following uses and purposes:

(a) This trust shall be for the benefit of my wife during her lifetime. The trustee shall pay to my wife, or for her benefit a sum sufficient to insure her having a monthly income from all sources of Five Hundred ($500.00) Dollars.

In the event my wife has extraordinary need, such as illness or the necessity of nursing care, the Trustee, in its sole discretion, may pay such additional trust income as may be necessary and possible for my wife's needs.

(b) Upon the death of my wife, this Trust shall terminate and the corpus and accumulated income paid over to Thomas H.

Chappell, Jr., provided he has issue. In the event he is without issue, upon the death of my wife, said Trust shall continue for his benefit and all the income paid over to him at such times as are convenient to him and my Trustee. The Trustee at its sole discretion, may encroach upon the corpus in the event of an extraordinary need of this said beneficiary, such as illness. At such time as my said grandson has issue, this Trust shall terminate and the corpus and accumulated income shall be paid over to said beneficiary. In the event the grandson is deceased without issue, then this trust shall, at his death, or in the event of his death prior to my wife's, terminate and the corpus and accumulated income shall pass to the Board of Trustees of the Tennessee Annual Conference of the Methodist Church.

In the event my said grandson is deceased, leaving issue, at the time of my wife's death, this Trust shall continue for the benefit of said issue, and the Trustee shall pay over the income to that person having custody of such beneficiaries. In this event, said Trust shall terminate and the corpus and accumulated income paid over, per stirpes, to said issue of my grandson, twenty (20) years after his death."

The case was tried on a stipulation of facts. The parties stipulated that: Edwin D. Chappell died on the third day of August, 1975. His widow, Margaret Chappell timely dissented from his will, and is still living. Thomas H. Chappell, Jr., the grandson of the testator, is living and has a living child, Elizabeth Amanda Chappell, born on December 26, 1976. The residuary estate of Edwin D. Chappell approximates $60,000.00.

On considering the stipulations and the will, the chancellor concluded that "the remainder interest in the trust established under the Will of Edwin D. Chappell [was] accelerated by the dissent of his widow from his Will and thereby vest[ed] in the remainderman, the plaintiff, Thomas H. Chappell, Jr., he having had issue living." The chancellor further found that the appli-

cation "of the doctrine of acceleration does not contradict the intention of the testator," as gleaned from the will.

The Court of Appeals was of a different opinion. It held that the remainder interests in the trust described in Item Eight of the Will were contingent and were to be determined at the time of the death of Mrs. Chappell. They further concluded that the acceleration of the remainder interests would be contrary to the intent of the testator.

It is generally accepted that where a testator creates a life estate in his widow, and the law gives the widow the right to elect either to take under the will or under the statute of dissent and distribution, the law charges the testator with knowledge of the right of the widow to elect and presumes that the intention of the testator was that the election of the widow to take her share of the estate under the intestate laws in lieu of the life estate given her in the will is, in legal contemplation, equivalent to her death. *Albright v. Albright*, 192 Tenn. 326, 241 S.W.2d 415, 418 (1951); *American Trust Co. v. Johnson*, 236 N.C. 594, 73 S.E.2d 468, 471 (1952); 97 C.J.S. *Wills* § 1291 (1957). See also *Meek v. Trotter*, 133 Tenn. 145, 180 S.W. 176 (1915), wherein it is stated:

> The decisions elsewhere, also, appear to be uniform to the effect that a renunciation by a widow of a life interest given her by the will is equivalent to its termination by her death so far as the vesting in possession of the remainder, by way of acceleration, is concerned. 180 S.W. at 178.

And, except in situations where the testator has manifested an intent to the contrary, the interest of a remainderman will be accelerated on premature termination of the prior estate. See *Albright v. Albright*, 192 Tenn. 326, 241 S.W.2d 415 (1951); 97 C.J.S. *Wills* § 1291 (1957). The doctrine of acceleration, which has been accepted in this state, rests upon the theory that the enjoyment of an interest, having been postponed for the benefit of a preceding estate, upon termination of such preceding estate before

it would ordinarily expire, ultimate takers should come into the immediate enjoyment of their property. *Wachovia Bank & Trust Co. v. McEwen*, 241 N.C. 166, 84 S.E.2d 642, 645 (1954).

In the instant case, the parties and the courts recognized the above general principles but disagreed sharply on their application in this case. The disagreement centered on whether the interest created in the remainderman under the will was vested or contingent and on whether the testator intended the remainder interest to be accelerated on termination of the life estate in Mrs. Chappell.

■ The characterization of the estate bequeathed to the remaindermen as either contingent or vested, while material to the issue of intent of the testator, is not the sole or ultimate key to whether a remainder interest in an estate will be accelerated where the primary beneficiary of a bequest dissents from the will, though admittedly, there are statements in *Albright v. Albright, supra,* which indicate a contingent remainder can never be accelerated and a vested remainder always will be. But, as in all instances of will construction, the ultimate key as to whether a remainder interest will be accelerated on early termination of the primary estate is the intention of the testator manifested in his will. *Martin v. Taylor*, 521 S.W.2d 581 (Tenn.1975); *Albright v. Albright*, 192 Tenn. 326, 241 S.W.2d 415 (1951); 97 C.J.S. *Wills* § 1291 (1957). *See also* 31 C.J.S. *Estates* § 82 (1964), wherein the basic principles dealing with the acceleration of a remainder interest are set forth as follows:

> Except where the grantor or creator has manifested an intent to the contrary, a vested remainder may be accelerated where the time for its vesting in possession is shortened by the premature determination of the preceding estate, . . .
>
> A vested remainder may be accelerated, although future contingent interests will thereby be cut off. . . .
>
> A remainder will not be accelerated if it is impossible to identify the remainder-

man, or if there is evidence of an intention to postpone the taking effect of the remainder; but, where the contingencies are determined and donees ascertained, the doctrine of acceleration applies as well to a contingent as to a vested remainder. . . .

■ A consideration of the will of Edwin D. Chappell, especially Item Eight, leads us to the conclusion that he devised a life estate to his wife solely to provide for her care and comfort, and that the life estate was not created in any sense for the independent purpose of postponing the disposition of his estate until the death of his wife in the event she dissented from the will. The testator knew of his wife's right to dissent, and that her dissent would terminate her life estate in the trust as effectively as her death. The remainderman to take on the termination of the life estate in the widow—the testator's grandson—is identified in the will. The contingency to be met for him to take the corpus of the trust on termination of the widow's life estate—that is, the birth of issue, has occurred. Under these circumstances and under the clear language of the will, we are constrained to hold, as did the chancellor, that the remainder interest in the trust established under the will of Edwin D. Chappell was accelerated by the dissent of his widow and that it vested in the remainderman, Thomas H. Chappell, Jr., having living issue.

The judgment of the Court of Appeals is reversed. The decree of the chancellor is affirmed. The cause is remanded to the Chancery Court of Davidson County for enforcement of the decree there entered and for the further purpose of considering fees, if any, that may be due from the estate to counsel of the several parties to this litigation for services rendered the estate on appeal. Costs will be paid by the executor of the Estate of Edwin D. Chappell.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.